**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

SANDY G. SAIZ,

Plaintiff,

v. No. 1:26-cv-02679-LF

SANDIA RIDGE/GENISIS/ST. JOHN
HEALTHCARE AND REHABILITATION
CENTER LLC,

Defendant.

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER FOR AMENDED COMPLAINT**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 14, 2026, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 14, 2026 ("Application").

**Order Granting Application to Proceed *In Forma Pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income amount during the past 12 months is $2,933.00 (ii) Plaintiff's monthly expenses total $3,113.00; and (iii) Plaintiff has $5.00 cash and $5.00 in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of this proceeding, because her monthly expenses exceed her monthly income.

**Order for Amended Complaint**

Plaintiff alleges she was "treated unfairly, rude and unprofessional" and was "wrongfully terminated." Complaint at 2-3. Plaintiff attached to her Complaint her EEOC Charge of Discrimination which states Plaintiff believes she was discriminated against because of her disability pursuant to the Americans with Disabilities Act, her age pursuant to the Age Discrimination in Employment Act of 1967, and her national origin pursuant to Title VII of the Civil Rights Act of 1964. *See* Complaint at 7.

The Court has identified the following deficiency and orders Plaintiff to file an amended complaint. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)).

The Complaint fails to state claims upon which relief can be granted. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.").

> We use the *Iqbal/Twombly* standard to determine whether Plaintiffs have stated a plausible claim. *Brown v. Montoya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011). In applying this standard, we take Plaintiffs' well-pleaded facts as true, view them in the light most favorable to Plaintiffs, and draw all reasonable inferences from the facts in favor of Plaintiffs. *Id.* at 1162. A plausible claim includes facts from which we may reasonably infer Defendant's liability. *Id.* at 1163. Plaintiffs must nudge the claim across the line from conceivable or speculative to plausible. *Id.* Allegations that are "'merely consistent with' a defendant's liability" stop short of that line. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Labels, conclusions, formulaic recitations of elements, and naked assertions will not suffice. *Id.* An allegation is conclusory where it states an inference without stating underlying facts or is devoid of any factual enhancement. *Kellum v. Mares*, 657 Fed. App'x 763, 770 (10th Cir. 2016) (unpublished) (citing Black's Law Dictionary (10th ed. 2014)). Conclusory allegations are "not entitled to the assumption of truth." *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012). In fact, we disregard conclusory statements and look to the remaining factual allegations to see whether Plaintiffs have stated a plausible claim. *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1282 (10th Cir. 2019).

*Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021). There are no allegations in the Complaint showing that Plaintiff's termination and Defendant's treatment of Plaintiff prior to her termination were based on Plaintiff's disability, age or national origin. *See Edmonds-Radford v. Southwest Airlines Co.*, 17 F.4th 975, 989-90 (10th Cir. 2021) (to state a discrimination claim under the Americans with Disabilities Act a plaintiff must allege "(1) she is disabled within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job with or without accommodation, and (3) she suffered an adverse employment action *because of her disability*;" plaintiff "must show that the circumstances surrounding her termination give rise to an

inference that it was based on her disability") (emphasis added); *Markley v. U.S. Bank National Assoc.*, 59 F.4th 1072, 1081 (10th Cir. 2023) (to state a claim of age discrimination under the Age Discrimination in Employment Act, "the plaintiff must show that (1) he is within the protected age group; (2) he was doing satisfactory work; (3) he was discharged; and (4) his position was filled by a younger person"); *Sidlo v. Millercoors, LLC*, 718 Fed.Appx. 718, 727 (10th Cir. 2018) (to state a claim of national-origin discrimination pursuant to Title VII, a plaintiff must show "(1) that he is a member of a protected class, (2) that he suffered an adverse employment action, and (3) that the adverse employment action took place under circumstances giving rise to an inference of discrimination") (citing *E.E.O.C. v. PVNF, L.L.C.*, 487 F.3d 790, 800 (10th Cir. 2007)).

The EEOC Charge of Discrimination that Plaintiff attached to her Complaint is not sufficient to state a claim. First, the EEOC Charge contains Plaintiff's statement that she believes that she has been discriminated against because of her disability, age and national origin, but does not contain any facts supporting her belief. Second, statements in an exhibit attached to a complaint are not allegations for stating a plausible claim. *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. P. 8(d)(1) ("Each allegation must be simple, concise, and direct"); *Allegation*, Black's Law Dictionary (12th ed. 2024) (An "allegation" is "[s]omething declared or asserted as a matter of fact, esp. in a legal pleading; a party's formal statement of a factual matter as being true or provable, without its having yet been proved").

The Court orders Plaintiff to file an amended complaint. The amended complaint must contain factual allegations supporting Plaintiff's belief that she has been discriminated against because of her disability, age and national origin. The amended complaint also must comply with

the Federal and Local Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs").

**Service on Defendants**

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 which provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will address service after the Court reviews the amended complaint.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or

comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 14, 2026, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

Laura Fashing
United States Magistrate Judge